UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MARTIN                                    CIVIL ACTION

VERSUS                                            NO: 12-3005

FAB-CON, INC., ET AL.                             SECTION: R

## ORDER AND REASONS

Plaintiff Michael Martin moves to exclude evidence of his criminal record and any past drug and alcohol use.[1] For the following reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion.

## I.    BACKGROUND

Plaintiff Michael Martin alleges that he slipped in a puddle of diesel oil while working for defendant Fab-Con aboard the quarterbarge UNITY, a vessel owned by defendant Equipment Co., LLC, and chartered by defendants Barges Unlimited Inc. and CCR, LLC.[2] Plaintiff allegedly suffered a herniated lumbar disc and a lumbar strain as a result of his fall. He sued defendants, seeking damages and maintenance and cure.

Martin moves the Court "to exclude from introduction, use or admission at trial [his] criminal and traffic violations, any

---

[1]    R. Doc. 33.

[2]    *See* R. Doc. 1; R. Doc. 19.

allegation of 'drug' or alcohol use, together with all documents and records associated with the foregoing."[3] In response, defendants contend that evidence of plaintiff's felony convictions and probation violation is admissible on cross-examination under Federal Rule of Evidence 608, because he lied about them on his Fab-Con employment application.[4] Defendants also argue that the evidence is independently admissible under Federal Rule of Evidence 609.

## II.  DISCUSSION

Defendants seek to introduce evidence of three of plaintiff's criminal convictions: an August 18, 2005, conviction for evading arrest;[5] an August 18, 2005, conviction for aggravated kidnapping;[6] and a September 5, 2007, conviction for simply robbery.[7] Each of these three offenses is a felony punishable by more than one year imprisonment in the convicting jurisdiction.[8] In 2011, when Martin applied for a job with Fab-

---

[3]    R. Doc. 33-3 at 1.

[4]    *See* R. Doc. 38.

[5]    *See* R. Doc. 38-3 at 10-13.

[6]    *See id.* at 17-18.

[7]    *See id.* at 38.

[8]    *See id.* at 12 (crime of evading arrest is a "state jail felony" punishable by up to two years in jail); Tex. Penal Code Ann. § 20.04(c) (aggravated kidnapping is a first-degree felony); R. Doc. 38-3 at 80 (simple robbery is punishable by up to seven

Con, he indicated on his employment application that he had never been convicted of a felony.[9] Accordingly, defendants may inquire into Martin's felony convictions when cross-examining him because evidence that he lied on his employment application is probative of his character for truthfulness. *See* Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness."); *Brossette v. Swift Transp. Co.*, Civil Action No. 07-0888, 2008 WL 4809411, at *9 (W.D. La. Oct. 29, 2008) ("The act of lying on an employment application is among those acts that may be inquired into on cross-examination pursuant to Rule 608(b)(1)." (collecting cases)).

Moreover, evidence of these convictions is independently admissible under Rule 609(a), which provides that, in a civil case, evidence of a criminal conviction for a crime punishable by death or by imprisonment for more than one year "must be admitted, subject to Rule 403." The Court finds that these convictions are admissible under Rule 403 because their probative value is not substantially outweighed by their prejudicial effect

---

years at hard labor).

[9]      R. Doc. 38-1 at 3.

3

on the plaintiff. *See McIntyre v. Bud's Boat Rental, L.L.C.*, No. Civ.A. 02-1623, 2003 WL 22174236, at *3 (E.D. La. Sep. 9, 2003) (admitting evidence of plaintiff's conviction for unauthorized entry into an inhabited dwelling under Rule 609(a)).

Evidence of Martin's probation violation, however, is not admissible under Rule 608 "because it does not speak to his truthfulness, but is merely a broken promise which indicates a lack of loyalty to commitments." *United States v. Perkins*, 287 F. App'x 342, 349-50 (5th Cir. 2008). Nor is such evidence admissible under Rule 609, because a probation violation "is neither a conviction that results in a sentence of more than one year nor an offense that has as an element 'an act of dishonesty or false statement by the witness.'" *Id.* at 350. Defendants have offered no other theory under which this evidence is admissible. Accordingly, the Court holds that evidence of Martin's probation violation must be excluded.

Defendants do not argue that evidence of plaintiff's past drug and alcohol use should be admissible. Because defendants have pointed to no theory of relevance for this evidence, and because such evidence carries a significant danger of unfair prejudice, *see McIntyre*, 2003 WL 22174236, at *4, the Court finds that it must be excluded. *See* Fed. R. Evid. 403.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and

DENIES IN PART plaintiff's motion in limine. Defendants may introduce evidence of plaintiff's previous felony convictions, but evidence of defendant's probation violation and of his drug and alcohol use is inadmissible.


New Orleans, Louisiana, this 21st day of March, 2014.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE